# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **KENDRA DENISE WOOD,** *Plaintiff,* v. **HARBOR FREIGHT TOOLS USA, INC.,** *Defendant.* | **CIVIL ACTION NO. 3:25-cv-00159-TES** |

## ORDER TO FILE RECAST COMPLAINT

Pro se Plaintiff Kendra Denise Wood commenced this civil action against Harbor Freight Tools USA, Inc., on October 6, 2025. [Doc. 1, p. 1]. In her Complaint [Doc. 1], she seeks relief under 42 U.S.C. § 12203, Labor Code Section 230(e), 29 C.F.R. § 1604.41, and 42 U.S.C. § 2000d and 42 U.S.C. § 2000e—which are more commonly known as Title VI and Title VII of the Civil Rights Act of 1964. [*Id.* at p. 3]. Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. The Court first addresses Plaintiff's request to proceed IFP and then turns its attention to the claims asserted in her Complaint. As the Court will explain in detail below, Plaintiff must **RECAST** her Complaint for this action to continue.

  A.  <u>**Plaintiff's Motion for Leave to Proceed IFP**</u>

District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915. This statute states:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing the statements Plaintiff makes in her application, *see generally* [Doc. 2], the Court **GRANTS** her Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2].

B.   **Frivolity Review**

Having granted Plaintiff IFP status, § 1915(e) requires the Court to review her Complaint and determine whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e). The Eleventh Circuit has determined that "§ 1915(e), which governs [IFP] proceedings[,] generally permits district courts to dismiss a case 'at any time' if [a] complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [IFP]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

curiam). The Court can also dismiss an action at any time if it determines that the claims sought in it are frivolous or malicious or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Iqbal*, 556

U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke*, 490 U.S. at 326. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

    C.    <u>**Plaintiff's Complaint**</u>

Courts must construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). In her Complaint, Plaintiff alleges that she "was sexual [*sic*] harassed by [her] assigned supervisor." [Doc. 1, p. 4]. Plaintiff does not specifically allege what was done to her—only that she was "sexual[ly]

harassed" even after she made "complaints to management." [*Id.*]. She further alleges that she "suffered many forms of retaliation[,] including termination" from Harbor Freight, "after planning publicly and filing" a Charge of Discrimination with the Equal Employment Opportunity Commission. [*Id.*]. Lastly, and in rather conclusory fashion, Plaintiff alleges that she "also experienced racial discrimination from members of management." [*Id.*]. As damages for these allegations and for what Plaintiff characterizes as "immense pain and suffering to a known survivor of abuse," she seeks $7,000,000 in compensatory damages and $12,000,000 in punitive damages. [*Id.*].

**D.    Discussion**

These allegations are not of the kind subject to dismissal on grounds of frivolousness under § 1915(e)(2)(B)(i). They are, however, nothing more than legal conclusions subject to dismissal under § 1915(e)(2)(B)(ii). Again, § 1915(e)(2)(B)(ii) says that "the [C]ourt *shall dismiss* the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Put simply, if a complaint could not withstand a motion to dismiss, it is subject to dismissal upon frivolity review for indigent litigants proceeding under § 1915. *See Taylor v. Fla. Highway Safety*, 816 F. App'x 372, 373 (11th Cir. 2020). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same relevant standards for a motion based on Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Those standards are as follows.

### 1.     Rule 12(b)(6) Standards

When ruling on a motion under Rule 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 572 (2007). In accepting the factual allegations as true, courts are to construe the reasonable inferences from them in the light most favorable to a plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

However, through Rule 12(b)(6), a defendant may "test the facial sufficiency" of a complaint by way of a motion to dismiss. *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997)). Such a "motion is an 'assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which relief may be granted.'" *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). However, a complaint will survive a Rule 12(b)(6)-based motion if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678–79).

Now, whether a complaint states a claim for relief is measured by reference to the pleading standard of Federal Rule of Civil Procedure 8—a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2); *Barreth*, 2020 WL 4370137, at *2 (citation omitted). Rule 8 doesn't require detailed factual allegations, but it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough*, 907 F.3d at 1333 (citation omitted) (alterations adopted). Its sole purpose is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth*, 2020 WL 4370137, at *2 (citation omitted); *Twombly*, 550 U.S. at 555–56.

To decide whether a complaint survives a motion to dismiss, courts use a two-step framework. *McCullough*, 907 F.3d at 1333 (citation omitted). The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* "A court decides whether [Rule 8's pleading standard] is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow [it] to reasonably infer that [a] plaintiff [may be] entitled to the legal remedy sought." *Barreth*, 2020 WL 4370137, at *2 (citation omitted).

When drafting a complaint, "[a] plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). A plaintiff may use legal

7

conclusions to structure a complaint, but they *must* "be supported by factual allegations." *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all the factual allegations in a complaint as true, they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss "is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The issue is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Id.* The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Finally, as Plaintiff has done in her Complaint, a complaint that tenders "'naked assertions' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up). To survive, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

### 2. Order to Recast

Here, Plaintiff's Complaint, as pled, could not survive a Rule 12(b)(6)-based motion, and is, therefore, subject to dismissal under § 1915(e)(2)(B)(ii) at this stage. Plaintiff's barebones allegations that she "was sexual[ly] harassed," "experienced racial discrimination," and "suffered many forms of retaliation" amount to nothing more than "the-defendant-unlawfully-harmed-me accusations." *McCullough*, 907 F.3d at 1333 (citation omitted); *see* [Doc. 1, p. 4 (emphasis added)]. Her allegations are nothing more than legal conclusions, and because of that, they're not entitled to the presumption of truth. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681). After identifying and disregarding Plaintiff's allegations that are "no more than conclusions," the Court is left with nothing to evaluate whether she states plausible employment-related claims against Harbor Freight. *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Mindful that even a without-prejudice dismissal of Plaintiff's Complaint at this early stage would act as a dismissal with prejudice due to concerns regarding the applicable statute of limitations that would prevent her from refiling her claims, the Court **ORDERS** Plaintiff to **RECAST** them consistent with its above discussions by *November 7, 2025*. *See Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011).

To fully comply with this Order, Plaintiff must clearly identify—in separate and numbered paragraphs—each of the claims listed at the outset of this Order (taken directly from her Complaint) and provide responses to the following questions. *See* Fed.

R. Civ. P. 8(a).

> (1) What did an individual[2] do (or not do) to violate your rights?
> (2) When did each alleged violation occur (to the extent memory allows)?
> (3) Where did each alleged violation occur (to the extent memory allows)?
> (4) How were you injured because of this individual's actions or decisions?
> (5) What relief do you seek as a result of these actions or decisions.

Plaintiff must provide factual details to support the claims she seeks to press against Harbor Freight. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). So, when recasting her Complaint, Plaintiff must plead "at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015); *see, e.g.,* [Doc. 1, p. 3 (listing various provisions of federal law without any factual basis)].

Finally, Plaintiff should also understand that an amended or recast complaint will generally supersede her original Complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted). In other words, Plaintiff's recast complaint will replace her original pleading, and the Court will not refer to her

---

[2] Plaintiff is correct to only name Harbor Freight as a defendant in this employment case. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (relief under Title VII is available against only the employer and not against individual employees regardless of whether the employee is a public entity or a private company); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (individual capacity suits under Title VII are inappropriate; relief is to be found from the employer).

Complaint (or to any documents submitted in connection with it) in assessing whether she states plausible claims.[3] *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("[T]he original pleading is abandoned by the amendment[,] and it is no longer a part of the pleader's averments against his adversary.").

E.     **Conclusion**

Consistent with the above discussion, Plaintiff's recast complaint must be filed with the Court by **November 7, 2025**, and it must include sufficient factual bases for all claims she wishes to pursue against Harbor Freight related to the incidents complained of in this lawsuit. Her recast complaint will supersede her original Complaint *in its entirety*. Upon filing, Plaintiff must ensure that her recast complaint bears this civil action number, "3:25-cv-00159-TES," on its first page. Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to obey a court order or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

Service of process shall not issue on Harbor Freight until further order from the

---

[3] Plaintiff should be mindful to re-file everything she wants the Court to consider when submitting her recast complaint. This includes her filings placed on the record on October 20, 2025. *See* [Doc. 3]; [Doc. 3-1]; [Doc. 3-2].

11

Court.

**SO ORDERED**, this 24th day of October, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**
