**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| KENDRA DENISE WARD, <br><br> *Plaintiff,* <br><br> v. <br><br> HARBOR FREIGHT TOOLS USA, INC., <br><br> *Defendant.* | CIVIL ACTION NO. <br> **3:25-cv-00159-TES** |

**ORDER**

On February 11, 2026, Defendant Harbor Freight Tools USA, Inc., filed a Motion to Dismiss [Doc. 16] pro se Plaintiff Kendra Denise Ward's Recast Complaint [Doc. 8]. On March 5, 2026, Plaintiff filed an Amended Complaint [Doc. 18] pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). [Doc. 18, p. 1].

Rule 15 provides two ways a plaintiff can amend a complaint before trial. One way is by amending as a matter of course. Fed. R. Civ. P. 15(a)(1). A "matter of course" amendment allows a plaintiff to amend a complaint in one of two ways:

- once within 21 days after serving the complaint, or

- 21 days after a plaintiff's adversary serves a responsive pleading or 21 days after that adversary serves a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B). Other than amendments "as a matter of course," the second and *only* other way to amend a complaint before trial comes under the "Other

Amendments" portion of Rule 15. That provision says, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff filed her original Complaint [Doc. 1] on October 6, 2025, followed by a court-ordered Recast Complaint [Doc. 8] on November 25, 2025. *See* [Doc. 4]. In the Middle District of Georgia, when a plaintiff is ordered to file a recast complaint, such complaints "do not count as an amendment made as a matter of course." *Jamison v. Long*, No. 5:19-CV-00457-TES-MSH, 2021 WL 2936132, at *4 (M.D. Ga. July 13, 2021) (holding that "a plaintiff shouldn't lose his *right* to amend only because he complied with a court's instructions to recast his complaint"). However, Plaintiff's Amended Complaint filed pursuant to Rule 15(a)(1)(B) on March 5, 2026, is untimely.

With Defendant filing its Motion to Dismiss under Rule 12(b)(6) on February 11, 2026, Plaintiff had 21 days to amend—that was, until March 4, 2026. [Doc. 16, p. 1]; Fed. R. Civ. P. 6(a)(1)(A)–(C) ("exclude the day of the event that triggers the period"; "count every day, including intermediate Saturdays and Sundays"; and "include the last day of the period"). Plaintiff filed her Amended Complaint on March 5, 2026—*22 days* after Defendant filed its Motion to Dismiss. Since Plaintiff has been approved for e-Filing, service of Defendant's Motion to Dismiss was immediately "complete upon filing." Fed. R. Civ. P. 5(b)(2)(E); *see* [Doc. 7]. Thus, Plaintiff does not get to avail herself of the additional three days to "act within a specific time" had service of Defendant's Motion

to Dismiss been made via mail, Fed. R. Civ. P. 5(b)(2)(C), as contemplated by Rule 6(d). Since Plaintiff filed her Amended Complaint one day too late, she cannot amend pursuant to Rule 15(a)(1)(B). A plaintiff's pro se status does not excuse mistakes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

That said, the Court **CONSTRUES** Plaintiff's Amended Complaint as a Motion to Amend pursuant to Rule 15(a)(2) and **GRANTS** it. Future amendments, if any, *must* be made "with the opposing party's written consent or the court's leave" and meet the necessary requirements outlined by the Federal Rules of Civil Procedure and the Eleventh Circuit. Fed. R. Civ. P. 7(b), 15(a)(2); *see United States ex rel 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1363 (11th Cir. 2023); *United States ex rel Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *Fey v. US Bank, N.A.*, 733 F. App'x 1002, 1003 (11th Cir. 2018) (per curiam).

In light of Plaintiff's Amended Complaint, Defendant's Motion to Dismiss must be **DENIED as moot**. Under black letter federal law, "an amended complaint supersedes the [earlier] complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the [previous] pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against [her] adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Mia.*, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s]

a legal nullity"). A complaint, however, can still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the [earlier] complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (citing cases).

The Court has reviewed Plaintiff's Amended Complaint and found no reference to, or adoption of, any allegations set forth in her Recast Complaint. Therefore, Plaintiff's Amended Complaint is the sole operative pleading in this case and renders moot Defendant's pending Motion to Dismiss.

**SO ORDERED**, this 6th day of March, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**