**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

KENDRA DENISE WARD,                    )
                                       )
    *Plaintiff,*                    )
                                       )
    v.                             )    Civil Action No. 3:25-cv-00159-TES
                                       )
HARBOR FREIGHT TOOLS USA, INC.,        )
                                       )
    *Defendant.*                    )
                                       )

**<u>SCHEDULING AND DISCOVERY ORDER</u>**

The parties held a Rule 26(f) conference on Friday, May 29, 2026. In accordance with the Court's Rules 16 and 26 Order dated May 29, 2026, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.    Nature of the Case:**

Plaintiff Kendra Ward brings forth this action alleging Defendant Harbor Freight Tools USA, Inc. retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq. ("Title VII"). Plaintiff seeks monetary damages and costs of litigation. Defendant denies the allegations in the Amended Recast Complaint, and further denies that Plaintiff is entitled to any damages or relief whatsoever.

**II.    Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the parties:

1

Kendra Ward
1141 Holland Springs Rd.
Madison, Georgia 30650
Telephone: (706)-818-4385
kendraward74@gmail.com

*Pro Se Litigant*

Alex S. Drummond
Georgia Bar No. 231116
adrummond@seyfarth.com
Olivia A. Jenkins
Georgia Bar No. 347231
ojenkins@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.,
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant Harbor
Freight Tools USA, Inc.*

### III.    Complaint and Answer filing dates:

Complaint was filed:   October 6, 2025

Answer was filed:    May 26, 2026

### IV.    Discovery Deadlines:

#### A.    Time for Discovery

Pursuant to the Court's Order dated May 11, 2026 (Dkt. 25), the parties were afforded a brief period of limited discovery regarding the timeliness of Plaintiff's second Charge of Discrimination (i.e. Plaintiff's exhaustion of her termination-based retaliation claim). For this limited scope of discovery, the time for discovery shall expire on September 11, 2026.

To the extent Plaintiff's termination-based retaliation claim proceeds, the discovery period shall expire 180 days after this Court enters an order related to the timeliness of Plaintiff's second Charge of Discrimination.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

B.      **Scope of Discovery**

**Limited Discovery:**

The timing of Plaintiff's Second Charge, including Plaintiff's communications with the EEOC, the method and means of transmission, and any evidence bearing on receipt and filing.

**Remaining Discovery (If Applicable):**

To the extent Plaintiff's termination-based retaliation claim proceeds, the scope of the remaining discovery are the allegations contained in Plaintiff's Amended Recast Complaint, and any defenses and affirmative defenses available to Defendant as well as the information relating to Plaintiff's alleged damages and mitigation thereof.

C.      **Electronically Stored Information**

The parties agree to work cooperatively to prevent undue burden on the producing party, to minimize the time and expense of electronic discovery, and ensure it is relevant to any party's claim or defense and proportional to the needs of the case, in accordance with the Federal Rules. To that end, the parties agree that any request for the production of electronically stored information will specify the specific account(s) requested for search, the keywords to be searched, and the date range applicable to the request.

The parties further agreed to produce electronically stored information initially in searchable .pdf format via email or via cloud-based storage from which the documents may be downloaded. Should either party believe it needs to view electronically stored information in native format after first receiving production in searchable .pdf format, it may make a request to do so and the parties agree they will engage in a discovery conference to discuss such production, subject to the limitations of the Federal Rules of Civil Procedure and the parties' respective rights to object to the production if it believes such production is unnecessary, burdensome, not relevant,

disproportionate to the needs of the case, or otherwise subject to objection under the Federal Rules of Civil Procedure or other applicable law.

### D.      Privilege Claims

At this stage, the parties do not anticipate any issues about claims for privilege or other protections with respect to trial preparation materials.

### E.      Witnesses to be Deposed

**Plaintiff's Witness List**

At present, Plaintiff states that she may depose Harbor Freight employees with knowledge regarding Plaintiff's protected complaint of discrimination and Plaintiff's subsequent unlawful termination. That list includes Dionne Kern, Rodell Fletcher, Angela Rapp, William Miller, Rachel Coda Black, Kelsey Freeman, and Martha Vasquez. Plaintiff does not have the addresses for Anegla Rapp, William Miller, or Rachel Coda Black. Plaintiff will supplement the proposed list once their addresses are obtained.

| | |
|---|---|
| Dionne Kern<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street N.E.,<br>Suite 2500<br>Atlanta, Georgia 30309 | Rodell Flectcher<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street N.E.,<br>Suite 2500<br>Atlanta, Georgia 30309 |
| Kelsey Freedman<br>9253 Fieldcrest Walk<br>Covington, Georgia 30014 | Martha Vasquez<br>1502 Holveck Dr<br>Cedar Hill, Texas 75104 |

Consistent with the focus of the initial discovery period, Plaintiff may seek to depose EEOC employees with knowledge regarding the timing and processing of her EEOC complaint 410-2024-12325.

**Defendant's Witness List**

Kendra Ward
1141 Holland Springs Rd.
Madison, Georgia 30650

Discovery remains ongoing, and Defendant expressly reserves the right to supplement or amend its list of deponents as additional information becomes available through the discovery process.

**F.      Expert Witnesses**

**1.      Designation of Experts**

Each party must disclose the identity of any expert witness on or before September 9, 2026, that being no more than 90 days after the submission of the Proposed Order to the Court.

**2.      Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before October 9, 2026, that being no more than 120 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**G.      Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The parties intend to execute a consent protective order to limit the use and disclosure of confidential and proprietary information disclosed during discovery.

The parties agreed to serve Initial Disclosures by June 25, 2026.

The parties are unaware of any other discovery limitations at this time. The parties agree to discuss any changes to the limitations on discovery under the Federal Rules of Civil Procedure and the Local Rules on a good-faith basis as discovery proceeds.

### H.    Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Vanessa Siaca, Courtroom Deputy (478.752.2603 or vanessa_siaca@gamd.uscourts.gov) to request a telephone conference with the Court.

### V.    Time for Filing Motions:

#### A.    Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than July 2, 2026, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

#### B.    Dispositive Motions

For the limited discovery concerning the timeliness of Plaintiff's second Charge of Discrimination, all dispositive motions must be filed no later than October 11, 2026, that being no more than 30 days after the expiration of discovery on this narrow topic.

To the extent Plaintiff's termination-based retaliation claim proceeds, all dispositive motions must be filed no later than 30 days after the expiration of the agreed upon discovery period articulated *supra*, **Section IV. A** of this Proposed Order.

#### C.    Daubert Motions

To the extent Plaintiff's termination-based retaliation claim proceeds, all *Daubert* motions must be filed no later than 30 days after the expiration of the agreed upon discovery period articulated *supra*, **Section IV. A** of this Proposed Order.

**VI.    Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 11th day of June, 2026.

/s/ Kendra Ward
_____

Kendra Denise Ward, Pro Se
kendraward74@gmail.com
1141 Holland Springs Road
Madison, Georgia  30650
Telephone:  (706) 818-4385

*Pro Se Plaintiff*

SEYFARTH SHAW LLP

By: /s/ Alex Drummond
_____

    Alex S. Drummond
    GA Bar No. 231116
    adrummond@seyfarth.com
    Olivia A. Jenkins
    GA Bar No. 347231
    ojenkins@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia 30309-3958
    Telephone: (404) 885-1500
    Facsimile: (404) 892-7056

    *Counsel for Defendant*
    *Harbor Freight Tools, USA, Inc.*

7

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this  12   day of    June        ,   2026.

_s/Tilman E. Self, III_
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| KENDRA DENISE WARD, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00159-TES |
| | ) | |
| HARBOR FREIGHT TOOLS USA, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2026, I presented the foregoing **PROPOSED SCHEDULING AND DISCOVERY ORDER** with the Clerk of the Court via email to athen.ecf@gamd.uscourts.gov pursuant to the Court's Order (Dkt. 26) and U.S. regular mail, proper postage prepaid, and e-mail:

Kendra Ward
Kendraward74@gmail.com
1141 Holland Springs Rd
Madison, GA 30650

*/s/ Alex Drummond*
Counsel for Defendant

9